**CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP**
Todd D. Carpenter (CA 234464)
Brittany C. Casola (CA 306561)
1350 Columbia Street, Suite 603
San Diego, California 92101
Telephone: (619) 762-1900
Facsimile: (619) 756-6991
tcarpenter@carlsonlynch.com
bcasola@carlsonlynch.com

*Attorneys for Plaintiff and Proposed Class Counsel*

UNITED STATES DISCTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY COHEN, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EAST WEST TEA COMPANY, LLC, an Oregon Limited Liability Company, and DOES 1-50, inclusive,<br><br>Defendants. | Case No: **'17CV2339 JLS BLM**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **VIOLATION OF UNFAIR COMPETITION LAW, Business & Professions Code § 17200,** *et seq.;*<br>2. **VIOLATION OF FALSE ADVERTISING LAW, Business & Professions Code § 17500,** *et seq.;*<br>3. **VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT, Civil Code § 1750,** *et seq.;*<br>4. **BREACH OF EXPRESS WARRANTY, Commercial Code § 2313,** *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -
CLASS ACTION COMPLAINT

Plaintiff Sydney Cohen ("Plaintiff"), individually and on behalf of all others similarly situated, brings this consumer class action against Defendant East West Tea Company, LLC ("Defendant"), for unlawful, unfair, and deceptive business practices in violation of California Business & Professions Code Section 17200 *et seq.*, California Business & Professions Code Section 17500 *et seq.*, California Civil Code Section 1750 *et seq.*, and Breach of California Express Warranty, and alleges as follows:

## I. NATURE OF THE ACTION

1. Defendant manufactures, distributes, markets, and sells a tea varietal, called Yogi Green Tea Kombucha[1] (collectively, the "Kombucha Products"). A typical Kombucha beverage is prepared by brewing tea, adding sugar, bacteria, and yeast, and fermenting the mixture, which results in the production of live bacteria cultures, commonly referred to as "probiotics". Kombucha unequivocally contains live cultures.

2. Defendant represents on its packaging that the Kombucha Products are comprised of a proprietary blend of herbs containing, among other ingredients, "Organic Kombucha." (*See generally*, Exhibit A, product packaging.) Defendant advertises that the tea "combines Green Tea with Kombucha to supply antioxidants to support overall health." (*See id.*)

3. However, Defendant's advertising and marketing campaign was false, deceptive, and misleading because the Kombucha Products did not contain any "Organic Kombucha" in its tea bags. In other words, Defendant advertises and sells its tea as containing "Organic Kombucha," when in fact, it is simply not possible that it contains ***any*** kombucha, or alternatively, is pasteurized, resulting in the destruction of any potential probiotic value once heated and prepared for consumption.

4. Defendant's strategy to create a line of Kombucha Products for sale in the health food market is not accidental. The recent spike in consumer fascination for this

---

[1] Defendant also sells a Decaf version of the Yogi Green Tea Kombucha.

fermented beverage, called "kombucha," is due to its innate characteristic that it contains live, beneficial bacteria and cultures. The "good kind" of bacteria that is produced during the fermentation process, commonly referred to as probiotics, is associated with providing the purported health benefits, such as improved digestion, a boosted immune system, and overall supported health. Consumers purchase kombucha in hopes that they will receive the positive health attributes associated with the probiotic brew.

5. Since at least 2015, Defendant, capitalizing on the public's heightened intrigue for the magic elixir, has manufactured, distributed, marketed, and sold the Kombucha Products at various health food retail stores and in the online marketplace, targeting health-conscious consumers who desire attaining the probiotic benefits associated with kombucha.

6. Plaintiff and those similarly situated ("Class Members") relied on Defendant's misrepresentation that their Kombucha Products did in fact contain kombucha when deciding to purchase the Products. Plaintiff and Class Members would not have purchased the Kombucha Products absent Defendant's misrepresentation regarding the composition of the Kombucha Products. As a result, Plaintiff and the Class Members suffered monetary damages as a result of Defendant's false and misleading advertising.

## II.   JURISDICTION

7. This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. section 1332(d) in that: (1) this is a class action involving more than 100 Class Members; (2) Plaintiff is a citizen of the State of California and Defendant is a citizen of the State of Oregon; and (3) the amount in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs.

8. The Court has personal jurisdiction over Defendant because Defendant conducts business in California. Defendant has marketed, promoted, distributed, and sold the Kombucha Products in California, and Defendant has sufficient minimum contacts with this State and/or has sufficiently availed itself of the market in this State through their

promotion, sales, distribution, and marketing within this State to render the exercise of jurisdiction by this Court permissible.

## III. VENUE

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a) and (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred while Plaintiff resided in this judicial district.

## IV. PARTIES

10. Plaintiff Sydney Cohen ("Plaintiff") is, and at all times relevant hereto was, an individual residing in San Diego County, California. In approximately October 2015, Plaintiff purchased Yogi Green Tea Kombucha from a Sprouts store located at 4175 Park Blvd., San Diego, CA 92103. Plaintiff read the Kombucha Product packaging, specifically, Defendant's representation that the Green Tea Kombucha contained "Organic Kombucha" and that the tea "combines Green Tea with Kombucha to supply antioxidants to support your overall health." Plaintiff purchased the Kombucha Products, believing she was receiving a tea that contained kombucha and its associated health benefits. In making her purchasing decision, she relied on Defendant's misrepresentation that the Kombucha Products did in fact contain kombucha. Plaintiff would not have purchased the Green Tea Kombucha but for Defendant's misrepresentation that the tea did in fact contain "Organic Kombucha." Indeed, had Plaintiff known that the Kombucha Products did not contain kombucha, Plaintiff would just have purchased a regular green tea varietal.

11. Defendant East West Tea Company, LLC (doing business as "Yogi") is a limited liability company existing under the laws of Oregon with its headquarters located at 950 International Way, Springfield, Oregon 97477. Defendant privately owns and operates a tea company that prides itself with providing consumers with healthy, natural and organic teas nationwide. Among Defendant's sixty (60) tea varietals, it manufactures, markets, and sells two (2) Kombucha Products: Yogi Green Tea Kombucha and Yogi Green Tea Kombucha Decaf. Defendant sells its Kombucha Products through its own online channel (www.shop.yogiproducts.com) and at various natural, grocery, and mass

market retailers such as Whole Foods Market, Sprouts, Walmart, Target, and Amazon. Defendant created and/or authorized the false, misleading, and deceptive advertisements and packaging of the Kombucha Products. Defendant, directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the State of California.

V. **SUBSTANTIVE ALLEGATIONS**

    a. **Background of Kombucha**

12. Dating back as early as 220 BC, kombucha has been consumed for its "suspected magical properties[2]." As a result of trade route expansion through China, kombucha consumption spread to Russia and Eastern Europe, as the affiliation with its "supposed detoxifying effects on the blood and digestive system" grew. *Id.* Today, consumers in the United States drink kombucha to attain these well-recognized, purported health benefits, which are supposedly derived from the brew's probiotic cultures. In addition to supporting an individual's overall health, some proponents even believe kombucha consumption is linked to combatting and preventing the onset of terminal illnesses, such as cancer and AIDS.

13. "The global kombucha market is estimated to grow from USD 0.6 Billion in 2015 to USD 1.8 Billion by 2020, at a CAGR [compound annual growth rate] of 25.0% from 2015 to 2020[3]." The kombucha market is reportedly "the fastest-growing market in the functional beverage industry." *Id.*

14. Companies like Defendant have capitalized on the worldwide recognition of this trendy beverage and as a result, have marketed and advertised kombucha in the health

---

[2] *See* C.J. Greenwalt et al., a Review, *Kombucha, the Fermented Tea: Microbiology, Composition, and Claimed Health Effects,* J. Food Prot., Vol. 63, No. 7, 2000 at 976, last accessed November 8, 2017.

[3] Markets and Markets, "Kombucha Market by Types (Bacteria, Yeast, Mold, Others), Flavors (Herbs & Spices, Citrus, Berries, Apple, Coconut & Mangoes, Flowers, Others), & by Region – Forecasts to 2020," published August 2015.

food segment through the sale of popular kombucha brands such as GT'S Kombucha and Kevita[4]. Consumers purchase this elixir, but do so at a hefty price. Kombucha is sold at retail prices upwards of $5.00 a bottle.

15. Proponents of kombucha's health benefits tout that the beverage improves mental health, brain development, digestion, gut health, assists in immune support, and may even prevent serious health conditions such as cancer[5]. While scientific testing about kombucha's purported benefits on the human body is limited, the general consensus is that kombucha is a detoxifying drink that provides antioxidants and probiotics due to its fermented composition[6]. Notably, it is purportedly the fermented quality of the tea that is associated with its probiotic value, since probiotics are created as a byproduct of the fermentation process[7]. Notwithstanding the limited scientific research, "[s]ome health benefits are likely since kombucha, when raw or unpasteurized, is rich in probiotics, good gut bacteria (like those in yogurt) that have been shown to boost immunity and overall health[8]."

---

[4] *See generally* GT'S Living Foods, www.gtslivingfoods.com, last visited October 17, 2017; Kevita Master Brew Kombucha, www.kevita.com, last visited October 17, 2017.
[5] *See e.g.*, Brent A. Bauer, M.D., *What is kombucha tea? Does it have any health benefits?*, Mayo Clinic July 8, 2017, https://www.mayoclinic.org/healthy-lifestyle/consumer-health/expert-answers/kombucha-tea/faq-20058126, last accessed October 17, 2017; Markets and Markets, "Kombucha Market by Types (Bacteria, Yeast, Mold, Others), Flavors (Herbs & Spices, Citrus, Berries, Apple, Coconut & Mangoes, Flowers, Others), & by Region – Forecasts to 2020," published August 2015.
[6] *See* Kelli Miller, *Kombucha Tea/Alcohol: Is it Safe?*, WebMD January 25, 2016, at https://www.webmd.com/food-recipes/news/20160125/kombucha-tea-is-it-safe#1, last accessed October 17, 2017.
[7] *See generally,* C.J. Greenwalt et al., Review, *Kombucha, the Fermented Tea*, at 976–81.
[8] Ellie Krieger, *Kombucha: Is it really good for you?*, The Washington Post, October 29, 2014, at https://www.washingtonpost.com/lifestyle/wellness/2014/10/28/7ba5f68a-5ad6-11e4-8264-deed989ae9a2_story.html?utm_term=.f43e03990b5d, last accessed November 9, 2017.

16. Kombucha is a centuries-old brew that is made by fermenting steeped tea (typically, green or black) with sugar, yeast, and bacteria[9]. Similar to making wine, a minimal amount of alcohol is produced as a byproduct during the fermentation phase. Typically, the process to create kombucha is as follows:

    a) Infuse tea leaves into freshly boiled water;

    b) Add sugar to the mixture;

    c) Remove tea leaves and allow tea to cool to room temperature;

    d) Add the symbiotic colony of bacteria and yeast ("SCOBY")[10];

    e) Cover tea with a cloth and store at room temperature for approximately 7 to 10 days to allow for fermentation;

    f) Remove SCOBY from tea; and

    g) The final product is Kombucha[11].

17. The process of creating kombucha can best be described as cyclical. This is because the SCOBY, which functions as the key ingredient to the fermentation process, can be used over and over again to brew kombucha. The SCOBY looks like a wet, sponge-like mushroom substance that floats atop the liquid. Once brewed, layers of the SCOBY will materialize and can be peeled off to make subsequent batches. Thus, SCOBYs can

---

[9] *See Kombucha*, Alcohol and Tobacco Tax and Trade Bureau ("TTB"), U.S. Department of The Treasury September 18, 2015, last updated June 22, 2017, https://ttb.gov/kombucha/index.shtml#information, last accessed November 8, 2017.

[10] *See* C.J. Greenwalt et al., Review, *Kombucha, the Fermented Tea,* at 977 ("The fermented tea is produced by the action of a floating microbial mat/colony [or SCOBY] consisting of aerobic bacteria and yeasts. The colony's appearance often resembles a surface mold or a mushroom but is actually a floating cellulose mat produced during microbial growth.").

[11] *See id.* at 976; *see also* Brian A. Nummer, PhD, an Abstract, *Kombucha Brewing Under the Food and Drug Administration Model Food Code: Risk Analysis and Processing Guidance*, Journal of Environmental Health, Volume 76, No. 4, November 2013, at 8, last accessed November 8, 2017.

either be purchased from the store, or recycled from previous batches to make brand new batches of kombucha.

18. In other words, kombucha is not a tea leaf—rather, it is the end result of fermenting brewed tea comprised of live organisms created as a result of the fermentation process. Thus, it cannot be dried and stuffed into a tea bag, as Defendant suggests through the marketing and sale of its Kombucha Products.

19. Since the purported health benefits associated with kombucha are attributed to its live organisms that naturally occur after fermentation, it is essential that the tea remains "raw," or avoids pasteurization in order to experience any of the probiotic benefits. Pasteurization, which is the process of heating liquid in order to sterilize it of harmful bacteria, although helpful to guard against food-borne illnesses, results in destroying the beneficial bacteria in kombucha, such as *Acetobacter xylinoides, A.pasteurianus, A.xylinium, A.aceti,* and *Bacterium gluconicum*[12]. Although "[t]he FDA suggested that kombucha be pasteurized, killing the microbes before delivery to the consumer [in order to] help standardize the alcohol content, it would ruin the whole idea of the drink and its purported benefits[13]." Thus, it is critical to the integrity of kombucha and its probiotic value that it remains in "raw" form.

20. Defendant's representation that the Kombucha Products contain "Organic Kombucha" is false, misleading, and deceptive because the Kombucha Products do not contain **_any_** kombucha, or alternatively, have been pasteurized, resulting in the destruction of any potential probiotic value once heated and prepared for consumption.

---

[12] *See* Caili Fu et al., *Antioxidant activities of kombucha prepared from three different substrates and changes in content of probiotics during storage*, Food Sci. Technol. (Campinas), Vol. 34, n.1, March 2014 at 123–26, last accessed November 8, 2017.
[13] *See* James Hamblin, *Is Fermented Tea Making People Feel Enlightened Because of…Alcohol?*, The Atlantic, December 8, 2016, at https://www.theatlantic.com/health/archive/2016/12/the-promises-of-kombucha/509786/, last accessed November 9, 2017.

21. Consumers lack the meaningful ability to test or independently ascertain or verify whether the Kombucha Products contain what they say they contain, especially at the point of sale. Discovery that Kombucha Products do not contain "Organic Kombucha" as advertised requires a scientific investigation and knowledge of chemistry beyond that of the average consumer.

### b. Defendant's Advertising and Marketing of the Kombucha Products

22. Defendant markets and sells its Kombucha Products in the tea aisle of health food grocery stores such as Sprouts and Whole Foods, as well as at other large retail chains such as Walmart and Target. Specifically, Defendant manufactures, markets and sells (1) Yogi Green Tea Kombucha (16 tea bags), and (2) Yogi Green Tea Kombucha Decaf (16 tea bags).

23. On the front packaging of Defendant's Kombucha Products, the largest print readily apparent to consumers is the term "Kombucha." Immediately underneath that is the claim that Defendant's Green Tea Kombucha "supplies antioxidants to support overall health." On one side of the packaging label, the Supplement Facts list the tea as containing a "proprietary blend of herbs," one being "Organic Kombucha." On the back of the packaging label, Defendant claims that it "combines Green Tea with Kombucha to supply antioxidants to support your overall health." (*See generally*, Exhibit A, product packaging.)

24. Defendant seeks to take advantage of the public's desire for this trendy beverage and its probiotic health benefits by advertising their Green Tea Kombucha Products as containing "Organic Kombucha," which is brewed to "supply antioxidants to support [consumers'] overall health."

25. Unfortunately, Defendant's promise that its Products in fact contain "Organic Kombucha" to supply antioxidants and support overall health is nothing but a sham.

26. Defendant's Kombucha Products do not contain ***any*** kombucha or alternatively, have been pasteurized, resulting in the destruction of any potential probiotic value once heated and prepared for consumption.

27. Throughout the liability period as defined below, Defendant has engaged in an advertising and marketing campaign that falsely represents that its Kombucha Products actually contain "Organic Kombucha" and thus, provide the positive health benefits widely recognized and associated with consuming kombucha.

28. As a result of this deception, Defendant has sold hundreds of thousands of units of the Kombucha Products through stores such as Sprouts, Walmart, Target, Whole Foods, and many other retail and online channels.

29. Plaintiff and members of the Class have been, and will continue to be, deceived or misled by Defendant's deceptive advertising claims. Each Class Member purchased and consumed the Kombucha Products during the liability period and in doing so, read and considered the advertising claims on the Kombucha Products' packaging and based their decision to purchase the Kombucha Products on the advertising claims. Defendant's advertising claim that the Kombucha Products did in fact contain kombucha was not only a material factor, but the <u>only</u> factor in influencing Plaintiff's decision to purchase and consume the Kombucha Products. Plaintiff and the Class Members would not have purchased the Kombucha Products had they known that they did not contain *any* kombucha, and thus, did not contain any of the health benefits associated with kombucha.

30. Unfortunately for Plaintiff and Class Members, Defendant's advertising claims, in their entirety, are false and deceptive.

   c. **Defendant's Advertising Claims for the Kombucha Products are False and Deceptive**

31. Whether the Kombucha Products contain "Organic Kombucha" can be determined with objective factual evidence.

32. The marketing of the Kombucha Products as containing "Kombucha" is in a prominent place on the front label of the Products, throughout the Class Period, demonstrates Defendant's awareness that this claim about the Products' composition is material to consumers.

33. Defendant's deceptive representations and omissions are material in that a reasonable person would attach importance to such information and would be induced to act upon such information in making purchasing decisions.

34. Plaintiff and Class Members reasonably relied to their detriment on Defendant's misleading representations and omissions.

35. In making the false, misleading, and deceptive representations and omissions described herein, Defendant knew and intended that consumers would purchase a Product advertised as containing "Kombucha" over comparable teas that are not advertised as containing "Kombucha."

36. In fact, Defendant has admitted on its website that its Kombucha Products do not contain "live organisms as does traditional kombucha[14]." Defendant also admits that their Kombucha creation process "pasteurizes the infusion's microbial culture." *Id.*

37. As an immediate, direct, and proximate result of Defendant's false, misleading, and deceptive representations and omissions, Defendant injured Plaintiff and the Class Members in that the Class:

    a. Paid a sum of money for a Product that was not what Defendant represented;

    b. Were deprived of the benefit of the bargain because the Product they purchased was different from what Defendant warranted; and

    c. Were deprived of the benefit of the bargain because the Product they purchased has less value than what Defendant represented.

38. Had Defendant not made the false, misleading, and deceptive representations and omissions, Plaintiff and the Class Members would not have purchased the Kombucha Products at all.

---

[14] Becca Lesser, *Weekly Q&A with our Facebook Fans*, Yogi February 16, 2017, at https://www.yogiproducts.com/2010/03/weekly-qa-with-our-facebook-fans5/, last accessed November 8, 2017.

39. Consequently, Plaintiff and the Class Members have suffered an injury in fact and lost money or property as a result of Defendant's wrongful conduct.

## VI. CLASS ALLEGATIONS

40. Plaintiff brings this action on behalf of herself and all other similarly situated Class Members pursuant to Rule 23 of the Federal Rules of Civil Procedure and seeks certification of the following Class against Defendant for violations of California state laws:

> All consumers within the State of California who purchased the Yogi Kombucha Products during the applicable liability period for their personal use, rather than for resale or distribution. Excluded from the Class are Defendant's current or former officers, directors, and employees; counsel for Plaintiff and Defendant; and the judicial officer to whom this lawsuit is assigned.

41. ***Numerosity***: The members of the Class are so numerous that joinder of all members is impracticable. Plaintiff is informed and believes that the proposed Class contains hundreds of thousands of individuals who have been damaged by Defendant's conduct as alleged herein. The precise number of Class Members is unknown to Plaintiff.

42. ***Existence and Predominance of Common Questions of Law and Fact***: This action involves common questions of law and fact, which predominate over any questions affecting individual Class Members. These common legal and factual questions include, but are not limited to, the following:

    a. Whether the Products contain Kombucha or not;

    b. Whether Defendant made false and/or misleading statements to the Class and the public concerning the contents of their Products;

    c. Whether Defendant's mass media advertising and/or the packaging for the Products is misleading and deceptive;

    d. Whether Defendant has engaged in unfair, fraudulent, or unlawful business practices with respect to the advertising, marketing, and sale of the Products;

      e. Whether Defendant's false and misleading statements concerning their Products were likely to deceive the public;

      f. Whether Defendant represents to consumers that the Products have characteristics, uses, benefits, or qualities that the Products do not have;

      g. Whether Defendant advertised the Products with intent to sell them not as advertised; and

      h. Whether Defendant engaged in false advertising with respect to the Products.

43. *Typicality*: Plaintiff's claims are typical of the claims of the Class Members because, *inter alia*, all Class Members have been deceived (or were likely to be deceived) by Defendant's false and misleading advertising claims about the composition of Defendant's Products. Plaintiff is advancing the same claims and legal theories on behalf of herself and all Class Members.

44. *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Class Members. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no antagonistic or adverse interests to those of the Class.

45. *Superiority*: The nature of this action and the nature of the laws available to Plaintiff and the Class make the use of the class action format a particularly efficient and appropriate procedure to afford relief to her and the Class for the wrongs alleged. The damages or other financial detriment suffered by individual Class Members is relatively modest compared to the burden and expense that would be entailed by individual litigation of their claims against Defendant. It would thus be virtually impossible for Plaintiff and Class Members, on an individual basis, to obtain effective redress for the wrongs done to them. Absent the class action, Class Members and the general public would not likely recover, or would not likely have the chance to recover damages or restitution, and Defendant will be permitted to retain the proceeds of its fraudulent and deceptive misdeeds.

## VII. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Violation of California's Unfair Competition Law ("UCL")**
**California Business & Professions Code Section 17200, *et seq.***

46. Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

47. The UCL defines "unfair business competition" to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code § 17200.

48. Plaintiff has standing to pursue this claim because Plaintiff has suffered injury-in-fact and has lost money or property as a result of Defendant's unlawful, unfair, and fraudulent actions. Specifically, Plaintiff purchased the Kombucha Product for her own personal use. In doing so, Plaintiff relied upon the false representations that the Product contained "Organic Kombucha," when in fact, in contained none. Plaintiff expended money in the transaction that she otherwise would not have had she known Defendant's advertising claims were false.

*"Unfair" Prong*

49. A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications, and motives of the practice against the gravity of the harm to the alleged victims.

50. Defendant's conduct constitutes an "unfair" business practice because, as alleged, Defendant engaged in a false advertising campaign that mislead consumers into believing that they were receiving a Product that contained Kombucha and the positive health benefits that are publicly associated with and widely recognized of the ingredient.

51. Defendant's conduct harms the interests of consumers and market competition. There is no valid justification for Defendant's conduct.

///

*"Fraudulent" Prong*

52. A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

53. Defendant engaged in a fraudulent business practice by knowingly representing the Product as containing "Organic Kombucha." Defendant's practice deceived Plaintiff and are highly likely to deceive members of the consuming public who purchased the Product in reliance on its advertised composition. Such practice is devoid of utility and outweighed by the gravity of harm to Plaintiff and the Class who lost money or property by paying for the Product.

*"Unlawful" Prong*

54. A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

55. Defendant's actions, as alleged herein, constitute illegal and unlawful practices committed in violation of the Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.,* (the "CLRA"). Particularly, Defendant has unlawfully marketed and advertised the Kombucha Products because Defendant violates sections 1770(a)(5), 1770(a)(7), and 1770(a)(9) of the CLRA.

56. Each of Defendant's unfair, fraudulent, and unlawful practices enumerated above was the direct and proximate cause of financial injury to Plaintiff and the Class. Defendant has unjustly benefitted as a result of its wrongful conduct. Plaintiff and Class Members are accordingly entitled to have Defendant disgorge and restore to Plaintiff and Class Members all monies wrongfully obtained by Defendant as a result of the conduct as alleged herein.

57. Therefore, Plaintiff prays for the relief as set forth below.

**SECOND CAUSE OF ACTION**
**Violation of California's False and Misleading Advertising Law ("FAL")**
**California Business & Professions Code Section 17500,** *et seq.*

58. Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

59. Plaintiff has standing to pursue this claim because Plaintiff has suffered injury-in-fact and has lost money or property as a result of Defendant's unlawful, unfair, and fraudulent actions. Specifically, Plaintiff purchased the Kombucha Product for her own personal use. In doing so, Plaintiff relied upon the false representations that the Product contained "Organic Kombucha," when in fact, in contained none. Plaintiff expended money in the transaction that she otherwise would not have had she known Defendant's advertising claims were false.

60. Defendant violated Business & Professions Code § 17500 by publicly disseminating false, misleading, and unsubstantiated advertisements regarding the Kombucha Products.

61. Defendant's false, misleading and unsubstantiated advertisements were disseminated to increase the sales of the Kombucha Products.

62. Defendant knew or should have known their advertisements for the Kombucha Products were false and misleading.

63. Plaintiff and the members of the Class have suffered harm as a result of these violations of the FAL because they have incurred charges and/or paid monies for the Kombucha Products that they otherwise would not have incurred or paid.

64. Defendant is aware, or by the exercise of reasonable care should have been aware, that the representations were untrue or misleading.

65. Plaintiff and the members of the Class have suffered injury in fact and have lost money as a result of Defendant's false representations and false advertising.

66. Plaintiff and the members of the Class seek an order awarding Plaintiff and other members of the Class restitution of the money wrongfully acquired by Defendant by means of responsibility attached to Defendant's failure to disclose the existence and significance of said misrepresentations.

67. Therefore, Plaintiff prays for the relief as set forth below.

///

///

# THIRD CAUSE OF ACTION
**Violation of California's Consumer Legal Remedies Act ("CLRA")**
**California Civil Code Section 1750, *et seq.***

68. Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

69. As alleged herein, Plaintiff has standing to pursue this claim because Plaintiff has suffered injury-in-fact and has lost money or property as a result of Defendant's unlawful, unfair, and fraudulent actions. Specifically, Plaintiff purchased the Kombucha Product for her own personal use. In doing so, Plaintiff relied upon the false representations that the Product contained "Organic Kombucha," when in fact, in contained none. Plaintiff expended money in the transaction that she otherwise would not have had she known Defendant's advertising claims were false.

70. The Consumer Legal Remedies Act ("CLRA") was enacted to protect consumers against unfair and deceptive business practices. The CLRA applies to Defendant's acts and practices because the Act covers transactions involving the sale of goods to consumers.

71. Plaintiff and the members of the Class are "consumers" within the meaning of § 1761(d) of the California Civil Code, and they engaged in "transactions" within the meaning of §§ 1761(e) and 1770 of the California Civil Code, including the purchases of the Products.

72. Defendant is a "person" under Cal. Civ. Code § 1761(c).

73. The Products are "goods" under Cal. Civ. Code § 1761(a).

74. Defendant's unfair and deceptive business practices were intended to and did result in the sale of the Products.

75. Defendant violated the CLRA by engaging in the following unfair and deceptive acts and practices:

> § 1770(a)(5) Representing that [the Kombucha Products have] . . . characteristics, . . . uses [or] benefits . . . which [they do] not have . . . .

§ 1770(a)(7) Representing that [the Kombucha Products are] of a particular standard, quality or grade . . . if [they are] of another.

§ 1770(a)(9) Advertising goods or services with intent not to sell them as advertised.

76. If Plaintiff and the Class Members had known that the Products did not contain "Organic Kombucha" as advertised, they would not have purchased the Products at all.

77. As a direct and proximate result of Defendant's conduct, Plaintiff and the Class Members suffered injury and damages in an amount to be determined at trial.

78. On information and belief, Defendant's actions were willful, wanton, and fraudulent.

79. On information and belief, officers, directors, or managing agents of Defendant authorized the use of the misleading statements about the Kombucha Products.

80. Plaintiff has concurrently filed the declaration of venue required by Civil Code § 1780(d) with this complaint.

81. On November 17, 2017, Plaintiff, through counsel, sent a CLRA demand letter to Defendant that provided notice of Defendant's violation of the CLRA and demanded Defendant correct, repair, replace, or otherwise rectify the unlawful, unfair, false, and deceptive practices complained of herein. The letter also stated that if Defendant refused to do so, Plaintiff would file a complaint seeking damages in accordance with the CLRA. If Defendant does not respond to Plaintiff's letter or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to § 1782, Plaintiff will amend her complaint to seek actual, punitive, and statutory damages, as appropriate against Defendant.

82. Therefore, Plaintiff prays for the relief as set forth below.

///
///
///

## FOURTH CAUSE OF ACTION
### BREACH OF EXPRESS WARRANTY
**California Commercial Code Section 2313,** *et seq.*

83. Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

84. Defendant was at all relevant times a "seller" within the meaning of Cal. Com. Code § 2103(d).

85. The Kombucha Products, at all relevant times, were "goods" within the meaning of Cal. Com. Code § 2105 (1).

86. On the Kombucha Products' packaging, Defendant expressly warranted to all purchasers that the Product contained Kombucha.

87. Plaintiff and the Class Members formed a contract with Defendant at the time they purchased the Kombucha Products. As part of that contract, Defendant represented that the Kombucha Products contained "Organic Kombucha," as described above. This representation constitutes an express warranty and became part of the basis of the bargain between Plaintiff and the Class Members.

88. Defendant made the above-described representations to induce Plaintiff and the Class Members to purchase the Kombucha Products, and Plaintiff and the Class Members relied on the representations in purchasing the Kombucha Products.

89. Defendant knowingly breached its warranty because the Kombucha Products did not contain "Organic Kombucha" as advertised.

90. As a result, Plaintiff and the members of the Class are entitled to damages in an amount to be determined at trial.

91. Within a reasonable time after they knew or should have known of such breach, Plaintiff, on behalf of herself and the other members of the Class, placed Defendant on notice thereof.

92. Therefore, Plaintiff prays for the relief as set forth below.

## VIII. JURY DEMAND

93. Plaintiff demands a trial by jury on all issues so triable.

## IX. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays on behalf of herself and all others similarly situated, for judgment against Defendant as follows:

A. Certifying the Class as requested herein, appointing Plaintiff as Class Representative, and appointing her counsel as Class Counsel;

B. Awarding monetary damages and punitive damages;

C. Ordering Defendant to disgorge and make restitution of all monies Defendant acquired by means of the unlawful practices set forth above;

D. Awarding declaratory and injunctive relief as permitted by law or equity, including: enjoining Defendant from continuing the unlawful practices as set forth herein, and directing Defendant to identify, with Court supervision, victims of its conduct and pay them all money it is required to pay;

E. Ordering Defendant to engage in a corrective advertising campaign;

F. Awarding Plaintiff and Class Members their costs and expenses incurred in the action, including reasonable attorney's fees; and

G. Providing such further relief as may be just and proper.

Date: November 17, 2017                          Respectfully submitted,

*/s/ Brittany C. Casola*
**CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP**

Brittany C. Casola (CA 306561)
1350 Columbia Street, Suite 603
San Diego, California 92101
Telephone: (619) 762-1900
Facsimile: (619) 756-6991
bcasola@carlsonlynch.com

*Attorneys for Plaintiff and Proposed Class Counsel*