UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY COHEN,<br><br>                            Plaintiff,<br>v.<br>EAST WEST TEA COMPANY, LLC,<br><br>                            Defendant. | Case No.: 17-CV-2339-JLS (BLM)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>(ECF No. 4) |

Presently before the Court is Defendant East West Tea Company LLC's Motion to Dismiss, ("MTN," ECF No. 4). Also before the Court is Plaintiff Sydney Cohen's Opposition to the Motion, ("Opp'n," ECF No. 9), and Defendant's Reply in Support of the Motion, ("Reply," ECF No. 11). The Court vacated the hearing on the Motion and took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 10.) Having considered the Parties' arguments and the law, the Court rules as follows.

## BACKGROUND

Plaintiff filed a consumer class action complaint against Defendant. (*See* "Compl.," ECF No. 1.) Plaintiff brings causes of action for: (1) violation of California's Unfair Competition Law (unfair, fraudulent, and unlawful prongs); (2) violation of California's

False Advertising Law; (3) violation of California's Consumer Legal Remedies Act; and (4) breach of express warranty. (*See generally* Compl.) In broad summary, Plaintiff alleges Defendant manufactures, distributes, markets, and sells tea products called "Yogi Green Tea Kombucha" (hereinafter, "the Products"). Plaintiff alleges Defendant's advertising and marketing of the Products violate California law in various ways. (*Id.* ¶ 3.) Plaintiff argues the Products are advertised and sold as containing "Organic Kombucha," when in fact they contain no kombucha. (*Id.*) Plaintiff seeks to litigate on behalf of all consumers "within the State of California who purchased the Yogi Kombucha Products during the applicable liability period for their personal use, rather than for resale or distribution." (*Id.* ¶ 40.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible

when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

## ANALYSIS

Defendant moves to dismiss each of Plaintiffs' claims. First, Defendant argues Plaintiff's California Unfair Competition Law ("UCL"), Consumers Legal Remedies Act ("CLRA"), and False Advertising Law ("FAL") claims should be dismissed because: (a) the Products' labels are not misleading to a reasonable consumer and (b) Plaintiff has failed to allege reasonable reliance. Second, Defendant argues Plaintiff fails to state a claim for breach of express warranty. Third, Defendant argues Plaintiff's prayer for injunctive relief should be dismissed for lack of Article III standing.

I. **The "Reasonable Consumer" Test**

Plaintiff's first three causes of action allege violation of the UCL, FAL, and CLRA. Defendant argues Plaintiff's UCL, FAL, and CLRA claims should be dismissed because the Products' labeling is not misleading to a reasonable consumer.

Claims under the UCL, FAL, and CLRA are "governed by the 'reasonable consumer' test." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (quoting *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995)). The plaintiff must show that a "reasonable consumer" is "likely to be deceived." *Freeman*, 68 F.3d at 289. "Likely to deceive" means "the ad is such that it is probable that a significant portion of the general

3

consuming public or of targeted consumers, acting reasonably under the circumstances, could be misled." *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (Ct. App. 2003).

Here, Plaintiff alleges she purchased the Products because she read and relied upon Defendant's representations that the "Green Tea Kombucha" Products contain "Organic Kombucha" and that they "combine Green Tea with Kombucha to supply antioxidants to support your overall health." (Compl. ¶ 10.) Plaintiff argues the Products contain no kombucha and therefore their labeling is false. Defendant argues Plaintiff's allegations fail to satisfy the reasonable consumer standard because no consumer would be misled by the labeling on the Products. (MTN 15.)

At the outset, the Court notes a significant problem relating to the definition of kombucha. The Parties' definitions of kombucha differ, and it is undisputed that the FDA has not defined kombucha. Defendant and Plaintiff agree kombucha is made from "a sweetened tea that is fermented with yeast and bacteria." (MTN 10[1] (citing Compl. ¶¶ 12, 16).) But, they disagree on whether there is a common understanding that kombucha must contain "live organisms." (Opp'n 17 (citing Compl. ¶¶ 18–19).) The Products' labeling does not indicate whether the Products contain "live organisms." Instead, the labeling broadly uses the phrase "Organic Kombucha."

In general, "[t]he question of whether a business practice is deceptive in most cases presents a question of fact not amenable to resolution on a motion to dismiss." *Hairston v. S. Beach Beverage Co.*, No. 12-1429-JFW (DTBx), 2012 WL 1893818, at *4 (C.D. Cal. May 18, 2012) (citing *Williams*, 552 F.3d at 938). "However, in certain instances, the Court can properly make this determination and resolve such claims based on its review of the product packaging." *Id.* For example, in *Rooney v. Cumberland Packing Corp.* the plaintiff brought a class action against the defendant for deceptive and misleading labeling

---

[1] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

4

17-CV-2339-JLS (BLM)

after she bought the defendant's product, Sugar in the Raw, believing it did not contain unprocessed or unrefined sugar. No. 12-CV-0033-H (DHB), 2012 WL 1512106, at *4 (S.D. Cal. Apr. 16, 2012). The court granted the defendant's motion to dismiss after finding that no reasonable consumer would assume that Sugar in the Raw contained no unprocessed or unrefined sugar because the product's labeling clearly said it contained natural cane turbinado sugar. Further, in *Ang v. Whitewave Foods Co.* the plaintiff claimed the defendant misbranded its soymilk and almond milk products. No. 13-cv-1953, 2013 WL 6492353, at *1 (N.D. Cal. Dec. 10, 2013). The plaintiff alleged false labeling because the products used the word "milk" even though the products were plant-based and "the FDA defines 'milk' as a substance coming from lactating cows." *Id.* The court dismissed the plaintiff's UCL, FAL, and CLRA claims because no reasonable consumer would believe soymilk and almond milk products contain actual dairy milk since the words "soy" and "almond" made it clear they do not. *Id.* at *4.

In addition, there is mixed case law on whether ambiguity regarding the definition of a word merits a motion to dismiss. In *Pelayo v. Nestle USA, Inc.* the plaintiff alleged that the term "All Natural" on the defendants' pasta product was "false, misleading, and reasonably likely to deceive the public because the [product] contain[ed] at least two ingredients that are unnatural, artificial, or synthetic." 989 F. Supp. 2d 973, 975–76 (C.D. Cal. 2013). The court held that the "plaintiff [did not] state a claim under the CLRA or UCL regarding defendants' allegedly false, misleading, and deceptive 'All Natural' labeling because she fail[ed] to offer an objective or plausible definition of the phrase 'All Natural.'" *Id.* at 978. The court reasoned that "to the extent there [was] any ambiguity regarding the definition of 'All Natural' with respect to each of the Buitoni Pastas, it [was] clarified by the detailed information contained in the ingredient list." *Id.* at 980. Similarly, in *Anderson v. The Hain Celestial Group Inc.* the plaintiff bought the defendant's product because the front label stated it was "all natural." 87 F. Supp. 3d 1226, 1230 (N.D. Cal. 2018). However, unlike in *Pelayo*, the court in *Anderson* denied the defendants' motion to dismiss because it found the reasoning from *Pelayo* to be unpersuasive. *Id.* at 1237. The

court held that although the defendant in *Pelayo* argued the word "natural" is too vague to be actionable and the FDA did not define the word "natural," "the FDA's opinion on 'natural' is not a commentary on whether or not use of the word on food labels would mislead a reasonable consumer operating under a common understanding of its meaning." *Id.* at 1237 n.4.

Here, like in *Pelayo* and *Anderson*, there is ambiguity regarding the definition of a word on the Products' labeling. Plaintiff argues there is a common understanding that kombucha contains live organisms. (Opp'n 17.) Defendant disagrees. (MTN 17.) On the packaging of the Products, there are instructions to boil the tea bags in hot water. (Ex. A, ECF No. 1-2.) Defendant argues that those instructions clarify any ambiguity regarding the definition of kombucha because any reasonable person would know that there cannot be live organisms present in the tea bag when the tea is boiled. While this may be true, this does not resolve the underlying issue of whether kombucha must contain live organisms in the first place in order to be truthfully labeled as "kombucha."[2]

How a reasonable consumer would define kombucha is a question of fact. Both Parties have offered plausible definitions of kombucha. Without an approved nor agreed upon definition of kombucha, at this stage, Plaintiff has plausibly alleged that a reasonable consumer could read the word "kombucha" to be a drink with live organisms or bacteria. Therefore, it would be plausible for a reasonable consumer to expect a kombucha tea beverage to contain live organisms. Defendant states that none of the Products' packaging claim there are live organisms in the tea bags. (MTN 17.) Because Defendant's Products

---

[2] Further, Defendant provides no support for the assertion that a reasonable consumer would know that any live organisms present in a kombucha drink would be killed, and also made ineffective, when the tea bag is placed in boiling water. Additionally, the Ninth Circuit has previously rejected the argument that "reasonable consumers should be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 (9th Cir. 2013). Instructions to boil the tea bags do not appear on the front of the Products. (Ex. A, ECF No. 1-2.) As in *Williams*, Plaintiff should not have been expected to search for instructions to boil the tea bags to combat her alleged assumption that the Products contain live organisms.

say they contain kombucha, but do not contain live organisms, it is plausible the packaging is deceiving. Therefore, the Court cannot conclude as a matter of law that members of the public are not likely to be deceived by the Products' packaging. The Court **DENIES** Defendants' Motion to Dismiss the claims for this reason.

## II. Reasonable Reliance

Defendant argues Plaintiff's UCL, CLRA, and FAL claims should be dismissed because Plaintiff failed to plead facts that showed her reliance on the Products' packaging was justifiable or reasonable. (MTN 19.)

To have standing under the FAL and the CLRA, a plaintiff must allege she relied on the defendant's misrepresentation and that she suffered economic injury as a result. *See, e.g.*, Cal. Bus. & Prof. Code § 17535. Reliance is also a required element of the UCL if the claims are grounded in alleged misrepresentations. *Kane v. Chobani, Inc.*, No. 12-CV-02425-LHK, 2013 WL 5289253, at *6 (N.D. Cal. Sept. 19, 2013). Reliance requires that a plaintiff allege she saw and read deceptive statements. *Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1194 (S.D. Cal. 2005). "A mere conclusory allegation that the plaintiff relied on the misrepresentation is insufficient" to satisfy pleading requirements. *Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, No. 1:11-cv-00030-AWI-SMS, 2012 WL 6097105, at *7 (E.D. Cal. Dec. 7, 2012).

Plaintiff alleges she suffered economic injury because she purchased Defendant's Products after reading "Organic Kombucha" on the label. (Compl. ¶ 10.) As stated above, the Court found Plaintiff has plausibly pled a reasonable consumer would expect a kombucha beverage to contain live organisms. *See supra* section I.A. Plaintiff states in reading the Products' labeling, she believed she had purchased a tea beverage with live organisms. (Compl. ¶ 10.) Plaintiff "read the Kombucha Product packaging, specifically Defendant's representation that the Green Tea Kombucha contained 'Organic Kombucha,'" and that the tea "combines Green Tea with Kombucha to supply antioxidants to support your overall health." (*Id.*) She alleges that "she would not have purchased the Green Tea Kombucha but for Defendant's misrepresentation that the tea did in fact contain

7

'Organic Kombucha.'" (*Id.*) Therefore, Plaintiff's allegations sufficiently plead reliance because she saw, read, and relied on the Products' labeling. The Court **DENIES** Defendants' Motion to Dismiss the claims for this reason.

### III. Breach of Express Warranty

To plead a claim for breach of express warranty, the plaintiff "must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury." *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142 (Ct. App. 1986). "Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Cal. Com. Code § 2313(1)(b).

Plaintiff has alleged Defendant expressly warranted to its purchasers that the Products contained organic kombucha. (Compl. ¶ 86.) Defendant argues it did not breach the warranty because the label stating "Organic Kombucha" as an ingredient was true and accurate. (MTN 22.) Plaintiff has pled the elements of her claim for breach of express warranty because, as analyzed above, she has alleged the statements made on the Product packaging promised there was organic kombucha, that she reasonably relied on that statement, and that the Product did not provide what was promised. (Compl. ¶¶ 10, 86–89.) The Court **DENIES** Defendants' Motion to Dismiss the claim of express warranty.

### IV. Injunctive Relief

In her prayer for relief, Plaintiff seeks injunctive relief. (Compl. 20.) Defendant argues Plaintiff lacks standing for injunctive relief because there is no reasonable likelihood of future injury. (MTN 23.)

In order to have standing under Article III, a plaintiff seeking injunctive relief must allege that there is "a sufficient likelihood that [she] will again be wronged in a similar way." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (citation and internal quotation marks omitted). The Ninth Circuit has held that when a complaint alleges a future injury, standing exists. *Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103, 1115–16 (9th Cir. 2017). In *Davidson*, the plaintiff alleged the defendant made false claims

when it advertised its pre-moistened wipes as flushable. *Id.* at 1107–08. After the plaintiff had discovered the wipes were not flushable, she stopped using them. *Id.* at 1108. Since the plaintiff stopped using the wipes, the district court dismissed her injunctive relief claim because she failed to plead future injury. *Id.* at 1109. However, the Ninth Circuit reversed and held the plaintiff could seek injunctive relief because "she faces a threat of imminent or actual harm by not being able to rely on [the defendant's] labels in the future, and that this harm is sufficient to confer standing to seek injunctive relief." *Id.* at 1113. The Ninth Circuit explained the threat of future harm can be "the consumer's plausible allegations that she might purchase the product in the future" or "the consumer's plausible allegations that she will be unable to rely upon the product's advertising or labeling in the future, and so will not purchase the product although she would like to." *Id.* at 1115; *see also Zemola v. Carrington Tea Co.*, No. 17cv760-MMA (KSC), 2018 WL 539142, at *2 (S.D. Cal. Jan. 24, 2018) (holding the plaintiff had standing to assert claims for injunctive relief because he alleged that due to the labeling of defendant's product he would not purchase the defendant's product again even though he would like to).

Here, Plaintiff alleges that she and "members of the Class have been, and will continue to be, deceived or misled by Defendant's deceptive advertising claims." (Compl. ¶ 29.) Similar to *Davidson*, Plaintiff adequately alleges she is unable to rely upon Defendant's labeling in the future and will not purchase the Product even though she would like to. Therefore, the Court finds Plaintiff has standing for injunctive relief. The Court **DENIES** Defendants' Motion to Dismiss the claims for this reason.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Dismiss.

**IT IS SO ORDERED.**

Dated: August 2, 2018

Hon. Janis L. Sammartino
United States District Judge

9

17-CV-2339-JLS (BLM)